UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RICKY HOOD,
    Plaintiff,

vs.                                          10-1063

MICHAEL RANDLE, et al.,
    Defendants

## CASE MANAGEMENT ORDER

    This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The plaintiff, a pro se prisoner, has filed this lawsuit pursuant to 42 U.S.C. §1983 against Hill Correctional Center and nine individual defendants including Illinois Department of Corrections Director Michael Randle, Warden G. Acevedo, Assistant Warden S. Wright, Inmate Issues Officer Brian Fairchild, Greivance Officer Lyle Hawkinson, Sergeant Fredrickson, Lieutenant Steele and Correctional Officers Spencer and Duncan.

    The plaintiff says on August 25, 2009, Defendants Fredrickson and Spencer came to the plaintiff's cell and told him they were taking the plaintiff to the health care unit. The plaintiff says he was on suicide watch due to a five day hunger strike. The plaintiff told Officer Fredrickson that he needed to put on his jump suit and shoes, but the plaintiff says the officer made racially demeaning comments and told him to cuff up.

    The plaintiff told Fredrickson he was a racist and threatened to sue him. He also asked to see a higher ranking officer. The plaintiff says Fredrickson then retaliated against him by claiming the plaintiff had refused a direct order to go to the health care unit. The plaintiff says the false statements resulted in disciplinary action and a loss of good time credits. (Comp, p. 5)

    The plaintiff says he told Defendant Wright about the incident and the officer simply made excuses for Defendant Fredrickson. Defendant Wright told the plaintiff that he had to go to the Health Care Unit even if he did not have shoes.

    Two days later, the plaintiff says Defendant Duncan game to his cell and was very hostile because the plaintiff planed to file a lawsuit against him. The plaintiff claims Defendant Duncan also made false statements about him which lead to the same disciplinary changes. The plaintiff says he filed grievances, but none of the other defendants did anything to correct the situation.

The plaintiff has failed to state a violation of his constitutional rights. "When a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgement in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). This holding has been extended to judgement in prison disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641 (1997). The court obviously cannot consider the plaintiff's claim that the disciplinary tickets were based on false claims without implying that the discipline was invalid. Therefore, the plaintiff must be able to demonstrate that the discipline has been expunged before he can file this lawsuit.

**IT IS THEREFORE ORDERED:**

    A.    **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. All pending motions are denied as moot [d/e 20, 21], and this case is closed, with the parties to bear their own costs.**

    B.    **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log.**

    C.    **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

    4)    **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

    5)    **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

    6)    **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the**

**plaintiff plans to present on appeal.** *See* **Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 19th day of May, 2010.

\s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE